

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*     *www.justice.gov/usao/ct*

**October 7, 2024**

Daniel Erwin
Federal Public Defender's Office
265 Church Street – Suite 702
New Haven, CT 06510-7005

United States District Court
District of Connecticut
FILED AT HARTFORD
10/7/24
Dinah Milton Kinney, Clerk
By F. Velez
Deputy Clerk

    Re:    *United States v. DeFelice*
            Case No. 3:23-cr-116 (OAW)

Dear Attorney Erwin:

This letter confirms the plea agreement between your client, Nicholas DeFelice (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, Nicholas DeFelice agrees to plead guilty to count two of the indictment charging a violation of 26 U.S.C. § 5861(d). However, pursuant to Fed. R. Crim. P. 11(a)(2), the defendant expressly reserves his right to appeal the portion of the district court's June 17, 2024 order (Docket No. 37), denying the defendant's motion to dismiss the indictment (Docket No. 18). This reservation is expressly limited to the portion of the district court's order as to the defendant's motion to dismiss and does not extend to the portion of the district court's order addressing the defendant's motion for a bill of particulars. Should the defendant prevail on his appeal of the district court's order denying his motion to dismiss the indictment, the Government will not object to the defendant's motion to withdraw his guilty plea on remand.

The defendant understands that to be guilty of violating 26 U.S.C. § 5861(d), the following essential elements must be satisfied:

1. The defendant knowingly possessed National Firearms Act ("NFA") firearms;

*Letter to Daniel Erwin, Esq.*
*Page 2*

2. The firearms were:
    a. rifles having a barrel of less than 16 inches in length and
    b. a silencer, further described as a metal, cylindrical device designed to silence or diminish the report of a firearm
3. The defendant knew the firearms were rifles having a barrel of less than 16 inches in length and a silencer;
4. The firearms were or could readily have been put in operating condition; and
5. The firearm were not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearms were not registered or had to be registered.

**THE PENALTIES**

Imprisonment

This offense carries a maximum penalty of ten years imprisonment. 26 U.S.C. § 5871.

Supervised Release

The Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

Fine

This offense carries a maximum fine of $10,000. 26 U.S.C. § 5871. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

*Letter to Daniel Erwin, Esq.*
*Page 3*

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

### Forfeiture

The defendant agrees to forfeit to the United States his interest in the property described in the indictment, specifically, a Colt, M4 Carbine, 5.56 caliber rifle with a barrel of less than sixteen inches in length and bearing serial number LE568125. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

The defendant also agrees to enter into a Stipulated Forfeiture Agreement ("Agreement"), in which he shall stipulate and agree to the civil forfeiture of all of the assets identified in Attachment A appended to this plea agreement (the "Forfeitable Assets"). Defendant agrees to execute and enter into that Agreement on or before the date that he enters his guilty plea. Defendant agrees to execute and enter into any other documents and agreements necessary to implement the terms of the Agreement. The defendant hereby stipulates and agrees, and shall stipulate and agree in the Agreement and/or in any civil, criminal, or administrative proceedings involving the Forfeitable Assets, that:

(a) he is the sole owner of the Forfeitable Assets;

*Letter to Daniel Erwin, Esq.*
*Page 4*

    (b) the Forfeitable Assets consist of the assets identified in Attachment A appended to this plea agreement and are subject for forfeiture under 18 U.S.C. § 924(d) for violations of 18 U.S.C. § 922(a)(4);

    (c) neither he nor any of his current or future officers, agents, representatives, subrogees, assigns, or successors shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of the Forfeitable Assets to the United States;

    (d) should any claimant appear in or pursue or attempt to pursue any civil proceeding to contest the forfeiture of the Forfeitable Assets, the defendant shall provide truthful testimony, Affidavits, and statements in such proceedings, regarding his sole ownership of the Forfeitable Assets, and regarding the status of the Forfeitable Assets as set forth in paragraph (b), above;

    (e) he will consent to the entry of any Motion for Decree of Forfeiture consistent with the terms of the Agreement; and

    (f) he will release and forever discharge the United States of America, the ATF, and their officers, agents, servants, and employees, and their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever, in law or equity, which he and his heirs, successors, or assigns ever had, now have, or may in the future have in connection with the seizure, detention, forfeiture, and destruction or other disposition by the United States of America of the defendant property.

    (g) he will hold and save the United States of America, the ATF, and their officers, agents, servants, and employees, and their heirs, successors, or assigns, harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, forfeiture, and destruction or other disposition of the defendant property.

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

*Letter to Daniel Erwin, Esq.*
*Page 5*

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Guideline Stipulation

The defendant's base offense level under U.S.S.G. § 2K2.1(a)(5) is 18 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a).

The Government believes that the offense level is increased by 8 levels under U.S.S.G. § 2K2.1(b)(1)(D) because the offense included between 100 and 199 firearms. The defendant does not believe an enhancement under U.S.S.G. § 2K2.1(b)(1)(D) applies. The parties reserve their rights to present arguments about the applicability of U.S.S.G. § 2K2.1(b)(1)(D) at sentencing.

*Letter to Daniel Erwin, Esq.*
*Page 6*

3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above. Accordingly, the total offense level will be 23 or 15.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 23, assuming a Criminal History Category I, would result in a range of 46 to 57 months of imprisonment, a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2, and a supervised release term of one to three years. U.S.S.G. § 5D1.2.

A total offense level of 15, assuming a Criminal History Category I, would result in a range of 18 to 24 months of imprisonment, a fine range of $7,500 to $75,000, U.S.S.G. § 5E1.2, and a supervised release term of one to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

*Letter to Daniel Erwin, Esq.*
*Page 7*

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

*Letter to Daniel Erwin, Esq.*
*Page 8*

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

*Letter to Daniel Erwin, Esq.*
*Page 9*

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the conduct that forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

NATHANIEL J. GENTILE
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

NICHOLAS DEFLICE                    10/07/2024
The Defendant                       Date

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

DANIEL ERWIN, ESQ.                  10/7/24
Attorney for the Defendant          Date