UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.

NICHOLAS DEFELICE

CRIMINAL NO. CLICK HERE TO ENTER TEXT.

March 1, 2025

**DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**

Counsel for Mr. Defelice files this brief memorandum in reply to the Government's measured, thoughtful, and compassionate sentencing memorandum. It addresses two points: the need for general deterrence and the expanse of Mr. DeFelice's lawful firearms collection and transfers.

In counsel's appraisal, the best reason to impose a sentence of incarceration is general deterrence. While that may be compelling and the government's reasoning is indeed cogent, counsel would offer some additional thoughts. First, the fact of a felony conviction is inherently punitive. *See Rutledge v. United States*, 517 U.S. 292, 302 (1996) quoting *Ball v. United States*, 470 U.S. 856, 864-64 (1985)(recognizing the punitive value of a second felony conviction even where it did not effect the actual sentencing outcome). To the extent the audience for deterrence is lawful gun owners who would cut corners with NFA firearms, a felony conviction results in *total disarmament* which is undoubtedly viewed as punitive by many if not most otherwise lawful gun owners (who cannot, by their very nature, be convicted felons save for a small number of as-applied challenges). Similarly, where Mr. DeFelice has actually run for municipal office, a felony conviction is an added burden where it may disqualify him from many state—if not all federal—offices. Second, presupposing *arguendo* some nominal sentence of incarceration is customarily warranted, Mr. DeFelice has 5 children (and his college-age adopted son) whom his cares for. Where one of these

children has had serious surgeries and is anticipated to need additional, substantial surgeries in the future, and Mr. DeFelice's wife does—or cannot—work because she is devoted to this child's care, there is grounds for a further variance or departure for extraordinary family circumstances. *See e.g. United States v. Brown*, 935 F.3d 43, 47-48 (2d Cir., 2019)(collecting cases and departure bases including extraordinary family circumstances departure); U.S.S.G. § 5H1.6. Finally, Judge Merriam has imposed a period of 9 months incarceration in a case of a controlled substance user in possession of firearms; but those guns ended up in the home of a drug dealer and in the hands of a convicted felon subsequently charged under the Armed Career Criminal Act; nor were the child rearing concerns featured in this case, present in that case. *United States v. Vasquez*, 3:22-cr-9(SALM). While the government's arguments are directed at a reasonable core interest of firearms regulation, the defense believes these factors should be balanced against the power of that interest.

Second, the government's reliance upon the number of legal firearms involved is misplaced. Mr. DeFelice was charged with possessing and dealing NFA firearms, which included a silencer and short barreled rifles; and dealing without a license. As the defense understands it, the dealing charge was based upon the preparation of an AR-15 and Cerakoting other guns. While the resale of his many non-NFA pistols may be unsavory, those transfers were accomplished pursuant to Connecticut state law on gun transfers. There are several dimensions to this: first, Mr. DeFelice filled out the lawful paper necessary to accomplish those transfers pursuant to state law: this is why the government knows about them and shows a clear intent to conform his conduct to the law. Similarly, another important purpose of the NFA is the federal registry the follows those weapons when properly paid for and registered. For whatever reason—perhaps improvidently, the federal government has not claimed an interest in tracking non-NFA firearms this way; but the state of Connecticut has. So, for all of those transfers, there is a tracking mechanism with which Mr.

2

DeFelice complied. This should not work against him: it is not illegal to do this. Nor can the federal government claim a tracking interest in those guns at sentencing where none has been previously recognized. Similarly, the number of lawful guns Mr. DeFelice possessed should not work against him either: he is not here for having a large lawful firearms collection; he is here because his conduct with respect to part of his collection did not conform to the NFA. Finally, relying on the number of lawfully possessed firearms has the potential to overstate offense conduct and unduly punish a person for being—beyond the offense conduct—a lawful gun owner. Importantly, government's counsel (to his credit) brought this argument to Judge Bolden's attention in *United States v. Dancer*, 3:20-cr-252(VAB)(sentencing a defendant to probation where he had bought NFA silencer from Chinese website). The defense does not believe that Mr. DeFelice's lawful and legitimate—even if voluminous—firearms collection and transfers should be used to aggravate his offense conduct.

   The defense hopes these considerations respond to the government's legitimate arguments in their strongest iterations.

                  Respectfully submitted,

                  THE DEFENDANT,
                  Nicholas DeFelice

                  OFFICE OF THE FEDERAL DEFENDER

Dated: March 1, 2025

/s/ Daniel M. Erwin
Daniel M. Erwin
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct28947
Email: Daniel_Erwin@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel M. Erwin
Daniel M. Erwin